# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| UNITED STATES OF AMERICA, : | Case No. 1:11-cr-014 |
| | Also Case No. 1:13-cv-120 |
| Plaintiff, | |
| | Chief Judge Susan J. Dlott |
| | Magistrate Judge Michael R. Merz |
| -vs- | |
| RICHARD T. BRUNSMAN, JR. | |
| Defendant. : | |

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL; DENYING DEFENANT'S MOTION FOR EVIDENTIARY HEARING WITHOUT PREJUDICE, AND ORDERING AN ANSWER

This case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 41) and his Omnibus Motion (Doc. No. 43) seeking appointment of counsel and an evidentiary hearing. The case has been referred to the undersigned United States Magistrate Judge for proceedings on the § 2255 Motion (Doc. No. 44).

It appears likely that an evidentiary hearing will be needed in this matter because of allegations of ineffective assistance of counsel revolving around communications which are not of record. Accordingly, the request for appointment of counsel is GRANTED.

Although an evidentiary hearing appears likely to be needed, it is denied at this time, without prejudice to its renewal by counsel in a form which sets forth the witnesses to be called

1

and the scope of the issues to be heard. The United States of course has a right to be heard on the scope of such a hearing.

It does not plainly appear from the face of the motion, the annexed exhibits, and the prior proceedings in the case that Defendant is not entitled to relief. Accordingly, it is hereby ORDERED that the United States Attorney shall, not later than April 1, 2013, file an answer conforming to the requirements of Rule 5 of the Rules Governing §2255 Cases. Specifically, said answer shall respond to each allegation made in the Motion, raise any affirmative defenses available to the United States, and state whether Defendant has previously received an evidentiary hearing on any of the matters he now raises or whether he is entitled, in the Government's view, to an evidentiary hearing in this proceeding.

Defendant may, not later than twenty-one days after the Answer is filed, file and serve a reply or traverse to the Answer. If the Government files a motion to dismiss, Defendant's time to file a memorandum in opposition will likewise be twenty-one days from service, as provided in S. D. Ohio Civ. R. 7.2(a).

Defendant has made claims relating to conversations between himself and both his trial and appellate counsel. A claim of ineffective assistance of counsel impliedly waives the privilege as to any attorney-client communications relevant to any such claim. *In re Lott*, 424 F.3d 446 (6th Cir. 2005); *Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974); *Randall v. United States,* 314 F.2d 800 (10th Cir. 1963); *United States v. Ballard*, 779 F.2d 287 (5th Cir. 1986); *Laughner v. United States*, 373 F.2d 326 (5th Cir. 1967); *Crutchfield v. Wainwright*, 803 F.2d

1103 (11th Cir. 1986). The Court finds that Defendant has waived the attorney-client communication privilege for any communications relevant to his claims made in the § 2255 Motion.

February 22, 2013.

                                                                                              s/ *Michael R. Merz*
                                                                                             United States Magistrate Judge