# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

      Plaintiff,  :          Case No. 1:11-cr-014
                                    Also Case No. 1:13-cv-120

                                    Chief Judge Susan J. Dlott
    -vs-                          Magistrate Judge Michael R. Merz
                          :

RICHARD T. BRUNSMAN, JR.,

      Defendant.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECUSAL

This case is before the Court on Defendant's Motion for Recusal of Chief Judge Susan J. Dlott from considering his pending § 2255 Motion (Doc. No. 58). As with all motions for disqualification, it is directed in the first instance to the judge sought to be disqualified. *United States v. Studley,* 783 F.2d 934, 940 (9th Cir. 1988); *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2nd Cir. 1988). The § 2255 Motion was referred to the Magistrate Judge for all pre-trial matters (Doc. No. 44). While a motion to recuse the assigned District Judge is not by statute a "dispositive" motion, it is appropriate for the Magistrate Judge to make a recommendation, rather than a decision, on the Motion because of the rule that such motions are to be decided in the first instance by the judge sought to be recused.

Defendant seeks recusal of Chief Judge Dlott from deciding the § 2255 Motion on the same basis on which he sought to amend that Motion to add claims that (1) there was structural error in the sentencing proceeding in that Chief Judge Dlott failed to disclose to the Defendant on

1

the record her opinions expressed at a status conference in the case and (2) defense counsel provided ineffective assistance when he failed to seek Chief Judge Dlott's recusal on the basis of the opinions she expressed (Motion to Amend, Doc. No. 53). The Magistrate Judge denied the Motion to Amend on the basis that adding these two claims would be futile in that they did not state a basis for § 2255 relief (Decision and Order, Doc. No. 55). For the same reason given in the Decision and Order on the Motion to Amend, the Motion for Recusal should be denied.

July 2, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).